JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE STRACCIA,<br>　　　Plaintiff,<br><br>　　　　v.<br><br>WALMART, INC.,<br>　　　Defendant. | CV 20-6552 DSF (JEMx)<br><br>Order GRANTING Motion to Remand (Dkt. No. 16) |

　　Plaintiff Lawrence Straccia moves to remand this because the case was removed beyond the one-year deadline. The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15. The hearing set for September 21, 2020, is removed from the Court's calendar.

> A case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action.

28 U.S.C. § 1446(c)(1).

　　Defendant argues that removal was allowed because Plaintiff acted in bad faith in order to prevent removal within one year by failing to serve the complaint within one year. Plaintiff's counsel filed a declaration stating that he did not wait to serve Defendant in order to

prevent removal. Instead, Plaintiff's counsel states that (1) he wanted to get more information about Plaintiff's treatment before serving the complaint, (2) he partially lost track of the litigation due to understaffing in his office, and (3) it did not occur to him that Defendant would remove the case because he had litigated several similar cases against Defendant in the past and Defendant had not removed despite the presence of diversity jurisdiction. Defendant essentially argues that the failure to serve the complaint and the failure to serve an order reassigning the case in state court are sufficient circumstantial evidence to infer bad faith. Defendant does not contest that it had failed to remove previous similar premises liability cases litigated against Plaintiff's counsel.

The Court finds Defendant has not established bad faith. While the failure to serve within one year might be sufficient to establish a prima facie showing of bad faith, Plaintiff's counsel has provided an explanation of the failure to serve that Defendant fails to rebut in any meaningful manner.

In a vacuum it may sound unlikely that counsel would fail to serve for such a long period, but in the Court's experience plaintiffs' lawyers often do not prosecute their cases until prodded to do so by the Court. This is even true in federal court despite the 90-day (formerly 120-day) time limit for service of process explicitly set out in the Federal Rules of Civil Procedure. Unfortunately, it is also not at all unbelievable that Plaintiff's counsel failed to prosecute in part because his office lost track of the case. The Court has found that this kind of administrative failure is all too common in law offices. Combined with Plaintiff's counsel's evidence-based belief that Defendant was unlikely to remove the case, the Court cannot find that Plaintiff failed to serve with the intent to avoid removal.

    The motion to remand is GRANTED. The case is REMANDED to the Superior Court of California, County of Los Angeles.

    IT IS SO ORDERED.

Date: September 14, 2020

                                                    Dale S. Fischer
                                                  United States District Judge